# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARY PHELAN, an individual,

    Plaintiff/Counter-Defendant,

vs.

TWIN LAKES HOMEOWNERS ASSOCIATION CONDOMINIUM (OBLIGATOR), ORLANS AND ASSOCIATES, GMAC MORTGAGE, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., FEDERAL HOME LOAN MORTGAGE CORPORATION,

    Defendants/Counter-Plaintiff (GMACM only).

Civil Action No. 11-cv-15103
Honorable: John Corbett O'Meara

**GMAC MORTGAGE, LLC'S, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S, AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO CROSS-COMPLAINT**

---

Keith G. Tatarelli (P41725)
Jasmina Maksimovski (P73777)
Attorneys for Plaintiff
Keith G. Tatarelli, P.C.
1800 Crooks
Troy, MI 48084
Telephone: (810) 338-6361
Fax: (248) 438-1664
Counselorkgt@aol.com

John M. Rickel (P19432)
Attorney for Twin Lakes HOA/Condominium (Obligator)
The Rickel Law Firm, PC
P.O. Box 806044
St. Clair Shores, MI 48080-6044
Telephone: (586) 285-0000
Fax: (586) 415-0092
jrickel@therickellawfirm.com

Thomas M. Schehr (P54391)
Matthew Mitchell (P69810)
Attorneys for GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone: (248) 203-0542
Fax: (248) 203-0763
mmitchell@dykema.com

Justin Carter (P71650)
Attorneys for Orlans and Associates
Orlans Associates PC
1650 W Big Beaver Rd
PO Box 5041
Troy, MI 48007
(248) 502-1573
jcarter@orlans.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•39577 WOODWARD AVENUE•SUITE 300•BLOOMFIELD HILLS, MICHIGAN 48304

**GMAC MORTGAGE, LLC'S, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.'S, AND FEDERAL HOME LOAN MORTGAGE CORPORATION'S ANSWER TO CROSS-COMPLAINT**

Defendants GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., and Federal Home Loan Mortgage Corporation (collectively, "Defendants"), through counsel, Dykema Gossett PLLC, answer Defendant Twin Lakes Homeowners Association Condominium's ("Cross-Plaintiff") Cross-Complaint as follows:

**GENERAL ALLEGATION**

1. Defendants deny as untrue that Cross-Plaintiff has any valid claim against them. Defendants also incorporate their answer and defenses to Mary Phelan's Complaint. *See* Docket No. 2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny them as untrue.

**COUNT 1-ALTERNATIVELY, BREACH OF LEGAL DUTY TO TIMELY PAY ASSOCIATION DUES BY ALL CROSS DEFENDANTS AND COUNTER DEFENDANT**

2. Defendants incorporate their responses to all previous paragraphs.

3. Defendants admit only to those duties and obligations imposed upon them by law and deny that they are subject to any further duties or obligations or that that they breached any duties or obligations imposed by law or contract because such allegations are untrue. Defendants expressly deny as untrue that they are obligated to pay Plaintiff Mary Phelan's association dues. Further responding, GMACM caused the subject property to be redeemed after Cross-Plaintiff foreclosed and therefore Defendants deny as untrue that Cross-Plaintiff has suffered any damages for unpaid assessments. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, including the allegations against the other parties, and, therefore, deny them as untrue.

4. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

5. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

6. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

WHEREFORE, Defendants respectfully request that this Court dismiss Cross-Plaintiff's Cross-Complaint against them with prejudice and award Defendants their costs and fees, including reasonable attorneys' fees, incurred in defending this action.

### COUNT 2-ALTERNATIVELY, NEGLIGENCE BY ALL CROSS-DEFENDANTS AND COUNTER-DEFENDANT

7. Defendants incorporate their responses to all previous paragraphs.

8. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

9. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

10. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

11. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

12. Defendants incorporate their response to paragraph 3 above, and deny all remaining allegations as untrue.

WHEREFORE, Defendants respectfully request that this Court dismiss Cross-Plaintiff's Cross-Complaint against them with prejudice and award Defendants their costs and fees, including reasonable attorneys' fees, incurred in defending this action.

## **DEFENSES**

1. Cross-Plaintiff has failed to state a claim upon which relief can be granted.

2. Cross-Plaintiff's claims are barred by reason of waiver and/or estoppel.

3. Cross-Plaintiff's claims are barred by an accord and satisfaction.

4. Cross-Plaintiff's claims are barred by the doctrines of release, statute of frauds, *res judicata*, parol evidence rule, payment, and/or discharge.

5. Cross-Plaintiff's claims are barred in whole or in part because Cross-Plaintiff was comparatively negligent.

6. Cross-Plaintiff's claims are barred in whole or in part to the extent Cross-Plaintiff has failed to mitigate its damages.

7. Cross-Plaintiff has failed to plead a duty separate and distinct from the alleged contract.

8. There exists no proximate causation between any alleged act, omission or alleged breach of duty by Defendants and Cross-Plaintiff's alleged damages.

9. Some or all of the damages requested in Cross-Plaintiff's Cross-Complaint are limited or are not recoverable in this action.

10. Defendants deny that they owed Cross-Plaintiff a duty, contractual or otherwise, but if it is established that Defendants owed a duty, at all times Defendants observed all legal duties and obligations imposed by operation of law and otherwise, and all actions were careful, prudent, proper, lawful, and in conformance with applicable agreements, if any.

11. Cross-Plaintiff assumed the risk of its actions.

12. Cross-Plaintiff's claim for damages is barred by the collateral source rule.

13. Cross-Plaintiff's claims are barred in whole or in part to the extent Cross-Plaintiff's injuries were caused through the actions of an intervening party or a superseding act.

14. Cross-Plaintiff's claims are barred by laches.

15. Cross-Plaintiff's claims are barred by the equitable doctrine of unclean hands.

16. Cross-Plaintiff's claims are barred by the statute of limitations.

17. Defendants rely upon the doctrines of setoff and recoupment.

18. Cross-Plaintiff's claims are barred by the terms of the association By Laws.

19. Cross-Plaintiff's claims are barred, in whole or in part, by Cross-Plaintiff's own first material breaches, frauds, material misrepresentations, omissions, failure to satisfy conditions precedent and/or to properly perform under agreements relevant to the claims.

20. Cross-Plaintiff lacks standing and/or privity.

21. Cross-Plaintiff's claims are moot due to receipt of the redemption amount.

22. Cross-Plaintiff has been unjustly enriched.

23. Cross-Plaintiff relies upon defenses asserted and applicable to Plaintiff Mary Phelan's underlying Complaint, as more fully described in Defendants' Answer to Complaint and GMAC Mortgage, LLC's Counterclaim.

24. Defendants reserve the right, until completion of their investigation and discovery, which are ongoing and incomplete, to identify such additional defenses as may be appropriate.

WHEREFORE, Defendants respectfully request that this Court dismiss Cross-Plaintiff's Cross-Complaint against them with prejudice and award Defendants their costs and fees, including reasonable attorneys' fees, incurred in defending this action.

Respectfully submitted,

DYKEMA GOSSETT PLLC

Date: November 30, 2011

By: /s/ Matthew Mitchell
Thomas M. Schehr (P54391)
Matthew Mitchell (P69810)
Attorneys for GMAC Mortgage, LLC,
Mortgage Electronic Registration Systems,
Inc., and Federal Home Loan Mortgage
Corporation
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone:  (248) 203-0542
Fax:  (248) 203-0763
mmitchell@dykema.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2011 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Keith G. Tatarelli, Esq. (P41725) and to Justin Carter, Esq., (P71650), and I hereby certify that I have mailed the same by U.S. Postal Service to:  John M. Rickel (P19432), P.O. Box 806044, St. Clair Shores, MI  48080-6044.

By: /s/ Matthew Mitchell
Matthew Mitchell (P69810)
Dykema Gossett PLLC
Attorneys for GMAC Mortgage, LLC,
Mortgage Electronic Registration Systems,
Inc., and Federal Home Loan Mortgage
Corporation
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Telephone:  (248) 203-0542
Fax:  (248) 203-0763
mmitchell@dykema.com

BH01\1441664.3
ID\MMI - 086797/0236