UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY PHELAN,

    Plaintiff/Counter-Defendant,

Case No. 11-15103

Honorable John Corbett O'Meara

v.

GMAC MORTGAGE, L.L.C.,

    Defendant/Counter-Plaintiff,

v.

TWIN LAKES HOMEOWNERS ASSOCIATION
CONDOMINIUM, *et. al.*,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE,
MOTION FOR LEAVE TO AMEND COMPLAINT AND
<u>MOTION FOR RELIEF FROM JUDGMENT</u>**

This matter came before the court on plaintiff Mary Phelan's May 30, 2013 Motion to Reopen Case Against GMAC Mortgage ("GMACM") and Motion to Grant Leave to File an Amended Complaint and Plaintiff's May 24, 2013 Motion for Relief from Judgment as to Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"). Defendants filed responses June 6 and 10, 2013, respectively. No reply briefs were filed, and no oral argument was heard.

<u>**BACKGROUND FACTS**</u>

Plaintiff Mary Phelan filed this action October 18, 2011; and defendants, including GMACM and Freddie Mac, filed timely notice of removal. The complaint alleged a single cause of action for quiet title to certain real property, relying on <u>Residential Funding Co., L.L.C. v. Saurman</u>, 292 Mich.

App. 321 (2011), a case that was later reversed by the Michigan Supreme Court in Residential Funding Co., L.L.C. v. Saurman, 490 Mich. 909 (2011).

On February 24, 2012, Plaintiff filed a motion for preliminary injunction to prevent a foreclosure sale of the property. The court denied that motion from the bench March 8, 2012; and the sheriff's sale went forward March 13, 2012.

On June 18, 2012, three days before the court was to hear oral argument on defendants Freddie Mac and Mortgage Electronic Registration Systems' motion for judgment, defendant GMACM filed for bankruptcy. The court then granted Defendants' motion for judgment and stayed the action against GMACM. In her first motion plaintiff Phelan seeks to reopen the case against defendant GMACM.

In her second motion Plaintiff seeks relief from the judgment awarded to Freddie Mac, asserting that if she ultimately prevails against GMACM, the judgment in favor of Freddie Mac would have to be reversed.

## **LAW AND ANALYSIS**

GMACM filed an amended notice of bankruptcy appending the Final Supplemental Order ("FSO") on August 22, 2012. Plaintiff took no action to reopen the case against GMACM or to seek relief from this court's stay until May 20, 2013. After this case was terminated and Plaintiff failed to redeem the property, Freddie Mac filed an action for possession in state district court. Plaintiff appeared in that case through the same counsel that filed the instant motion. In state court Plaintiff presented the same defenses that have presented to this court, and the state court judge rejected those arguments and entered a Judgment of Possession in favor of Freddie Mac. Plaintiff filed an appeal of that judgment; however, it was dismissed after she failed to file a brief.

Pursuant to Paragraph 23 of GMACM's FSO, any dispute regarding the automatic stay must be heard and determined by the United States Bankruptcy Court.  The express terms of the FSO exclude relief from the stay where a "final judgment" permitting eviction has been entered.  In this case such a judgment has been entered in state district court, and Plaintiff's appeal of that judgment has been dismissed.  Furthermore, because GMACM does not claim any current interest in title to the property, a claim for relief against GMACM would remain subject to the stay.  Therefore, the court will deny Plaintiff's motion to reopen the case against GMACM..

In addition, the court will deny Plaintiff's motion to the extent it seeks leave to file an amended complaint.  This is a matter previously ruled upon by this court.  The proposed, amended complaint failed to state any plausible claim for relief; therefore, amendment would be futile.

Plaintiff"s second motion seeks relief from this court's judgment in favor of Freddie Mac. Plaintiff contends that if she ultimately prevails against GMACM, Freddie Mac's judgment would necessarily be reversed.  A motion for relief from judgment under Rule 6(b) of the Federal Rules of Civil Procedure should be applied only in "unusual and extreme situations where principles of equity mandate relief."  See Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund, 249 F.3d 519 (6th Cir. 2001).  Plaintiff has previously presented to this court the identical issues she raises in the instant motion.  All that has transpired in the interim is that a state court entered Judgment of Possession in favor of Freddie Mac.  Plaintiff cannot reopen this case against Freddie Mac after litigating and losing identical issues in the eviction action.  See Lawrence v. Welch, 531 F.3d 368-69 (6th Cir. 2008).

**ORDER**

It is hereby **ORDERED** that plaintiff Phelan's May 30, 2013 Motion to Reopen Case Against GMAC Mortgage and Motion to Grant Leave to File an Amended Complaint is **DENIED.**

It is further **ORDERED** that plaintiff Phelan's May 24, 2013 Motion for Relief from Judgment as to Defendant Federal Home Loan Mortgage Corporation is **DENIED.**

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  August 7, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, August 7, 2013, using the ECF system.

                                            s/William Barkholz
                                            Case Manager